1 Charles H. Dick, Jr. (State Bar No. 73981)
2 **BAKER & McKENZIE LLP**
12544 High Bluff Drive, Third Floor
3 San Diego, CA 92130
4 Telephone: +1 858 523 6200
Facsimile: +1 858 259 8290
5 Charles.Dick@bakermckenzie.com

6
Attorneys for China North Industries Corporation
7

8 Joshua Horwitz (*Pro Hac Vice*)
Educational Fund To Stop Gun Violence
9 1424 L Street NW, Suite 2-1
10 Washington, D.C. 20005
Telephone: +1 202 408 7560
11 Facsimile: +1 888 860 2477
12 Jhorwitz@csgv.org

13 Attorneys signing on behalf of Plaintiffs

14
## IN THE UNITED STATES DISTRICT COURT
15

16 ## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 17 LILIAN S. ILETO, et al., | ) |
| 18 Plaintiff, | ) Civil Action No. 2:01-CV-09762 ABC ) (RNB) |
| 19 v. | ) **DISCOVERY MATTER** |
| 20 GLOCK, INC., et al. | ) [Referred to Magistrate Judge Robert N. ) Block] |
| 21 Defendants. | ) [~~PROPOSED~~] **STIPULATED** ) **PROTECTIVE ORDER** |
| 22 | ) |
| 23 _____ | ) |

24

25

26

27

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/711314.4

1

Case No. 2:01-CV-09762 ABC (RNB)
[PROPOSED] STIPULATED PROTECTIVE ORDER

1    WHEREAS, on May 23, 2001, plaintiffs Joshua Stepakoff, Mindy Gale

2    Finkelstein, Benjamin Kadish, and Nathan Lawrence Powers (collectively,

3    "Plaintiffs") filed the complaint in this action (the "Action") in the Superior Court of

4    the State of California against China North Industries Corporation ("Defendant") and

5    others, alleging negligence, wrongful death, and other claims;

6
     WHEREAS, the Action was subsequently removed to this Court;
7

8    WHEREAS, to facilitate discovery in this Action, Plaintiffs and Defendant

9    (collectively, "the Parties") wish to provide terms to govern the handling of

10   documents, depositions, and deposition exhibits, and any other information produced,

11   given or exchanged by, among or at the request of the parties to this Action in

12   connection with discovery (such information hereinafter referred to as "Produced

13   Material");

14
     WHEREAS, good cause exists for the entry of this Stipulation and Order
15
     Governing the Production and Exchange of Confidential Information (this
16
     "Stipulation and Order"); and
17

18   WHEREAS, the entry of this Stipulation and Order will promote the fair and

19   expeditious resolution of this litigation;

20
     IT IS HEREBY STIPULATED AND AGREED by and among the parties
21
     through their undersigned counsel, subject to the approval of the Court, that the
22
     following terms shall govern the handling of all Produced Material:
23

24   1.    Any party or non-party providing Produced Material (the "Producing

25   Party") may designate any Produced Material as "Confidential" under the terms of this

26   Stipulation and Order if such party in good faith believes that such Produced Material

27   contains non-public, confidential, proprietary or commercially sensitive information

28   that requires the protections provided in this Stipulation and Order ("Confidential

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/711314.4

Produced Material"). If any Party other than the Producing Party in good faith believes that disclosure of the Confidential Produced Material by a Producing Party other than as permitted pursuant to Paragraph 5 of this Stipulation and Order is likely to cause substantial injury to that Party, such Party may designate the Confidential Produced Material as "Confidential."

2.    The designation by any Producing Party of any Produced Material as "Confidential" shall constitute a representation that such Produced Material has been reviewed by an attorney for the Producing Party and that there is a good faith belief that such designation is valid.

3.    Produced Material, including Confidential Produced Material or information derived therefrom, shall be used solely for purposes of this Action, including subsequent appeals, and shall not be used for any other purpose, including, without limitation, any business, commercial, or press or public relations purpose, or any communications with, any third-party not involved in the Action.

4. The designation of Produced Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner by any Producing Party:

(a)    in the case of documents or other materials (apart from deposition testimony): by affixing the legend "Confidential" to each page containing any Confidential Produced Material; provided, however, that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing Party, after making the determinations required by Paragraph 1 above, may so designate a document by providing written notice to all other parties together with properly designated copies of said document after such document has been produced, with the effect that such document is subject to the protections of this Stipulation and Order on and after the date of its designation; and in the case of depositions: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written

3

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/711314.4

Case No. 2:01-CV-09762 ABC (RNB)
[PROPOSED] STIPULATED PROTECTIVE ORDER

1  notice, sent by such counsel to all parties within ten (10) business days after the
2  transcript of the testimony is received; and in both of the foregoing instances, by
3  directing the court reporter that the appropriate confidential legend be affixed to the
4  first page and all portions of the original and all copies of the transcript containing any
5  Confidential Produced Material.  All depositions shall be treated as "Confidential"
6  until the expiration of five (5) business days after the transcript of the testimony is
7  received, after which time only such portions of the transcript that have been
8  designated as set forth above shall be deemed "Confidential" Produced Material.  The
9  parties may modify this procedure for any particular deposition, through agreement on
10 the record at such deposition, without further order of the Court.

11
12     5.     Produced Material designated "Confidential" may be disclosed,
13 summarized, described, characterized or otherwise communicated or made available
14 in whole or in part only to the following persons:

15            (a)    the parties and counsel who represent parties that have appeared in
16 the Action (and members of their firms), and regular and temporary employees of
17 such counsel (including outside copying services and outside litigation support
18 services) necessary to assist in the conduct of the Action for use in accordance with
19 this Stipulation and Order;

20
21            (b)    experts, consultants or advisors necessary to assist counsel for
22 parties that have appeared in the Action (including their administrative assistants,
23 secretaries, and other members of their clerical and administrative staffs) provided that
24 such persons first sign an agreement in the form attached hereto as Exhibit A;

25            (c)    trial or deposition witnesses (other than witnesses and deponents
26 covered by (d) below), and their counsel, during the course of or, to the extent
27 necessary, in preparation for depositions and/or trial in the Action;

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/711314.4

4

Case No. 2:01-CV-09762 ABC (RNB)
[PROPOSED] STIPULATED PROTECTIVE ORDER

(d)    the directors, officers, employees (including, but not limited to, inside counsel) and general or limited partners of the parties, or any subsidiary or affiliate thereof, who are assisting the parties in the Action, or who appear as witnesses or deponents, and any professional employee of any person providing professional advice to any of the defendants;

(e)    any other person only upon order of the Court or upon stipulation of the Producing Party.  Such stipulation shall not be unreasonably withheld by the Producing Party; and

(f)    any mediator agreed upon by the parties, and such mediator's employees and staff, provided that such persons first sign an agreement in the form attached hereto as Exhibit A;

(g)    the Court and its employees, pursuant to this Stipulation and Order;

(h)    court reporters and other stenographers, typists and videographers recording or transcribing testimony in connection with the Action.

6.    Notwithstanding anything contained in Paragraph 5 above, Confidential Produced Material may be provided to persons listed in Paragraph 5(b) above to the extent necessary for such expert, consultant or advisor to assist counsel, provided that such expert, consultant or advisor is using said Confidential Produced Material solely in connection with the Action or subsequent appeals, and further provided that such expert signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the United States District Court for the Central District of California for purposes of the enforcement of this Stipulation and Order, and agreeing not to disclose or use any Confidential Produced Material for purposes

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/711314.4

Case No. 2:01-CV-09762 ABC (RNB)
[PROPOSED] STIPULATED PROTECTIVE ORDER

other than those permitted hereunder. Such undertakings shall be retained in the files of counsel for the parties who have engaged such consultant or expert.

7.     Every person identified in Paragraph 5, subsections (a) through (f) who is given access to Confidential Produced Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms thereof. All persons listed in Paragraph 5(c) above may be given access to Confidential Produced Material, or information contained therein, only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation and Order by signing a copy of Exhibit A hereto or stating on the record at deposition that they will abide by the terms of this Stipulation; or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation and Order.

8.     In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall bee directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

9.     Any party to the Action who objects to the continued restriction on public access to any document filed under seal pursuant to this Stipulation and Order shall give written notice of his objection to the Producing Party. Moreover, any motion challenging a restriction shall be made in compliance with Local Rules 37-1 and 37-2. To the extent that the Producing Party seeks to continue the restriction on public access to documents filed with the Court, that party shall file an application with the

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/711314.4

Case No. 2:01-CV-09762 ABC (RNB)
[PROPOSED] STIPULATED PROTECTIVE ORDER

1    Court for a judicial determination as to whether good cause exists for continued

2    restricted access to the document.

3

4          10.    Entering into, agreeing to and/or producing or receiving Confidential

5    Produced Material or otherwise complying with the terms of this Stipulation and

6    Order shall not:

7          (a)    operate as an admission by any party that any particular

8    Confidential Produced Material contains or reflects trade secrets or any other type of

9    confidential information;

10

11         (b)    prejudice in any way the rights of the parties to object to the

12   production of documents they consider not subject to discovery, or operate as an

13   admission by any party that the restrictions and procedures set forth herein constitute

14   adequate protection for any particular information deemed by any party to be

15   Confidential Produced Material;

16         (c)    prejudice in any way the rights of any party to object to the

17   authenticity or admissibility into evidence of any document, testimony or other

18   evidence subject to this Stipulation and Order;

19

20         (d)    prejudice in any way the rights of a party to seek a determination

21   by the Court whether any Produced Material or Confidential Produced Material

22   should be subject to the terms of this Stipulation and Order;

23         (e)    prejudice in any way the rights of a party to petition the Court for a

24   further protective order relating to any purportedly confidential information; or

25

26         (f)    prevent the parties to this Stipulation and Order from agreeing to

27   alter or waive the provisions or protections provided for herein with respect to any

28   particular Produced Material.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/711314.4

11.     This Stipulation and Order has no effect upon, and shall not apply to, any party's use of his, her or its Confidential Produced Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential obtained lawfully by such party independently of the discovery proceedings in the Action.

12.     If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled.  If a claim of inadvertent production is made pursuant to this Paragraph with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made, and any copies of such material, including summaries and excerpts, and the receiving party shall not use such information for any purpose other than in connection with a motion to compel.  The party returning such material may then move the Court for an order compelling production of the material if, in good faith, it believes that it has a basis for doing so, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

13.     Inadvertent failure to designate Produced Material as "Confidential" shall not constitute a waiver of such a claim and may be corrected by supplemental written notice.  Any party receiving such notice shall thereafter mark and treat materials as "Confidential" and such materials shall be fully subject to this Stipulation and Order as if they had been initially so designated.  A person who disclosed Produced Material that is subsequently designated as "Confidential" shall in good faith assist the Producing Party in its efforts to retrieve such Produced Material from all recipients

8

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/711314.4

Case No. 2:01-CV-09762 ABC (RNB)
[PROPOSED] STIPULATED PROTECTIVE ORDER

1  not entitled to receive such Produced Material under the terms of this Stipulation and
2  Order and shall prevent further disclosures except as authorized under the terms of
3  this Stipulation and Order.

4  14.    The parties agree to be bound by the terms of this Stipulation and Order
5
6  pending the entry of this Stipulation and Order, or an alternative thereto which is
7  satisfactory to all parties, by the Court, and any violation of its terms shall be subject
8  to the same sanctions and penalties, as if this Stipulation and Order had been entered
9  by the Court.

10  15.    The provisions of this Stipulation and Order shall, absent written
11  permission of the Producing Party or further order of the Court, continue to be binding
12  throughout and after the conclusion of the Action, including without limitation any
13  appeals therefrom.  Within thirty (30) days after receiving notice of the entry of an
14  order, judgment or decree finally disposing of all litigation in which Confidential
15  Produced Material is permitted to be used, including the exhaustion of all permissible
16  appeals, all persons having received Confidential Produced Material shall, upon
17  written request of the Producing Party, either make a good faith effort to return such
18  material and all copies thereof (including summaries and excerpts) to counsel for the
19  party that produced it (at the cost of that party) or destroy all such Confidential
20  Produced Material and certify that fact to counsel for the Producing Party.  Counsel
21  for the parties shall be entitled to retain their own court papers, deposition and trial
22  transcripts and attorney work product (including Produced Material containing
23  Confidential Produced Material) provided that such counsel, and employees of such
24  counsel, shall not disclose such court papers or attorney work product to any person
25  except pursuant to court order or agreement with the party that produced the
26  Confidential Produced Material.  All materials returned to the parties or their counsel
27  by the Court likewise shall be disposed of in accordance with this Paragraph.
28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/711314.4

Case No. 2:01-CV-09762 ABC (RNB)
[PROPOSED] STIPULATED PROTECTIVE ORDER

16.     During the pendency of the Action, any party objecting to the designation of any Produced Material or testimony as Confidential Produced Material must confer with the designating party in an effort to resolve the dispute on an informal basis.  If the dispute is not resolved, the Producing Party must provide a written statement identifying the reason or reasons for the designation.  If the parties are still unable to resolve the objection after conferring in good faith, the Producing Party who made the designation may file a motion with the Court for a protective order supporting the designation.  Within five (5) business days, the objecting party may submit a response setting forth the basis for the objection.  While such an application is pending, the Produced Material or testimony in question shall be treated as Confidential Produced Material pursuant to this Stipulation and Order.  Any motion challenging a designation shall be made in compliance with Local Rules 37-1 and 37-2.

17.     In the event that any Confidential Produced Material is used in any court proceeding in the Action or any appeal therefrom, subject to the applicable Court rules, said Confidential Produced Material shall not lose its status as Confidential Produced Material solely through such use.  Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.  The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

18.     If any person receiving documents covered by this Stipulation and Order (the "Receiver") (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this litigation, seeking Produced Material which was produced or designated as "Confidential" by someone other than the Receiver, the Receiver shall give prompt actual written notice, by hand, facsimile transmission, or email within five (5) business days of receipt of such subpoena, demand or legal process, to those

10

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/711314.4

Case No. 2:01-CV-09762 ABC (RNB)
[PROPOSED] STIPULATED PROTECTIVE ORDER

1  who produced or designated the material "Confidential" in order to enable the

2  producing party to object to such production. However, nothing contained in this

3  paragraph is intended to be construed as authorizing a party to disobey a lawful

4  subpoena issued in another action.

5

6  19.    The parties to the Action agree that the production of any Produced

7  Material by any non-party to the Action shall be subject to and governed by the terms

8  of this Stipulation and Order.

9  20.    This Stipulation and Order may be executed in any number of actual,

10  telecopied, or emailed counterparts and by each of the different parties thereto on

11  several counterparts, each of which when so executed and delivered shall be an

12  original.   The executed signature page(s) from each actual, telecopied, or emailed

13  counterpart may be joined together and attached to one such original and shall

14  constitute one and the same instrument.

15

16  IT IS SO ORDERED.

17  DATED: March 4, 2011

18

19                                                   HONORABLE ROBERT N. BLOCK

20                                                   UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/711314.4

11

Case No. 2:01-CV-09762 ABC (RNB)
[PROPOSED] STIPULATED PROTECTIVE ORDER

1      **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2      Dated: March 3, 2011          Educational Fund To Stop Gun Violence

3

4                                    By:/s/ Joshua Horwitz

5                                        Joshua Horwitz (*admitted pro hac vice*)

6

7                                    *Attorney for Plaintiffs (signing on behalf of*

8                                    *Plaintiffs' counsel)*

9

10     Dated: March 3, 2011          **BAKER & McKENZIE LLP**

11

12

13                                   By:    /s/ Charles H. Dick, Jr.

14                                          Charles H. Dick, Jr.

15

16                                   *Attorneys for China North Industries*

17                                   *Corporation*

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/711314.4

1

2

3

# **EXHIBIT A**

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

4   I hereby attest to my understanding that Confidential information is being provided to

5   me pursuant to the terms and conditions of the Stipulation and Order Governing the

6   Production and Exchange of Confidential Information (the "Stipulation and Order")

7   executed by the parties and entered by the Court in the above-captioned action. I

8   hereby attest that I have been given a copy of and have read the Stipulation and Order

9   and that I hereby agree to be bound by it and its terms. I agree that I shall not disclose

10   to others, except in accordance with the terms of the Stipulation and Order, such

11   Confidential information. I further agree that the United States District Court for the

12   Central District of California has jurisdiction to enforce the terms of the Stipulation

13   and Order, and I consent to jurisdiction of that Court over my person for that purpose.

14

15   Dated:_____      _____ _____

16                                         [Name]

17

18

19

20

21

22

23

24

25

26

27

28

SDODMS1/711314.4

1