# EXHIBIT 31

DEC. 2 1996 1:55PM   INTRAC                                    NO. 1145   P. 2/6

Form Approved: OMB No. 1512-0017

**DEPARTMENT OF THE TREASURY · BUREAU OF ALCOHOL, TOBACCO AND FIREARMS**
**APPLICATION AND PERMIT FOR IMPORTATION OF FIREARMS,**
**AMMUNITION AND IMPLEMENTS OF WAR**
NOT FOR USE BY MEMBERS OF THE UNITED STATES ARMED FORCES
*(Submit in triplicate)*

| FOR ATF USE ONLY |
|---|
| PERMIT NO. 96-00582 |
| VALID FOR 12 MONTHS AFTER THE DATE OF APPROVAL (ITEM 17 BELOW) |

**SECTION I - APPLICATION**

| 1. FEDERAL FIREARMS LICENSE (If Any) | | 2. TELEPHONE NO. | 3. COUNTRY OF EXPORTATION |
|---|---|---|---|
| LICENSE NO. 1-62-047-08-8B-35431 | EXPIRATION DATE 2-1-98 | 423/573-0065 | China |

| 4. RETURN APPROVED PERMIT TO (Enter name, address and ZIP Code if different than applicant's) | 5. APPLICANT'S NAME AND ADDRESS (Including ZIP Code) |
|---|---|
| Intrac Corporation 5005 Chapman Hwy. Knoxville, TN 37920 | Intrac Corporation 5005 Chapman Hwy. Knoxville, TN 37920 |

| 6. NAME AND ADDRESS OF FOREIGN SELLER | 7. NAME AND ADDRESS OF FOREIGN SHIPPER |
|---|---|
| China North Industries 376 Huan Shi Dong Rd. Guangzhou, China | China North Industries 376 Huan Shi Dong Rd. Guangzhou, China |

8. DESCRIPTION OF FIREARMS AND AMMUNITION *(For firearms, enter (SG) - Shotgun; (RI) - Rifle; (PI) - Pistol; (RE) - Revolver)*

| NAME AND ADDRESS OF MANUFACTURER a | TYPE (SG),(RI) (PI),(RE) b | CALIBER GAUGE OR SIZE c | MODEL (MFRS.) DESIGN d | LENGTH OF BARREL e | OVERALL LENGTH (Inches) f | SERIAL NO. g | NEW/IN OR USED (U) h | QUANTITY (Each type) i | UNIT COST j |
|---|---|---|---|---|---|---|---|---|---|
| **FIREARMS** Norinco | SG | 12 | YL12-12 GA | 750 | 1248mm | N/A | N | 10,000 | $40.0 |
| **AMMUNITION** | | | | | | | | | |
| **IMPLEMENTS OF WAR** | | | | | | | | | |

*Title 27 CFR Part 178.92 requires that within 15 days after release from Customs custody, each firearm imported shall be identified by engraving on the frame or receiver the serial number, and... on the frame or receiver of the... the following: (1) model, (2) caliber or gauge, (3) name of manufacturer and country where manufactured and (4) the name... city and State of the importer.*

*(See Art I thru XII (Except firearms the following of U.S. Munitions Import List 27 CFR Part 47)*

**→ PLEASE SEE REVERSE**

9. SPECIFIC PURPOSE OF IMPORTATION *(Use additional sheets, if necessary)*
Wholesale sales firearms for profit and livelihood to licensed firearms dealers and distributors

| 10. ARE YOU REGISTERED PURSUANT TO THE ARMS EXPORT CONTROL ACT OF 1976  ☒ YES ☐ NO | 11. IF "YES", GIVE REGISTRATION NO. A-40-359-0117 |
|---|---|

Under the penalties provided by law, I declare that I have examined this application, including the documents submitted in support of it, and, to the best of my knowledge and belief it is true, correct, and complete.

| 12. SIGNATURE OF APPLICANT | 13. TITLE V.P. | 14. DATE Jan 17, 1996 |
|---|---|---|

**SECTION II - FOR ATF USE ONLY** *(Please make no entries in this section)*

15. THE APPLICATION HAS BEEN EXAMINED AND THE IMPORTATION OF THE FIREARMS, AMMUNITION, AND IMPLEMENTS OF WAR DESCRIBED HEREIN IS:

☒ APPROVED

☐ PARTIALLY APPROVED FOR THE REASON INDICATED HERE OR ON ATTACHED LETTER

☐ DISAPPROVED FOR THE REASON INDICATED HERE OR ON ATTACHED LETTER

**CONFIDENTIAL**        **CN2-00127**

16. SIGNATURE OF THE DIRECTOR, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
*Mary Jo Hughes /smp*        17. DATE **FEB 22 1996**

ATF FORM 6 PART I (5330.3A) (6-92) PREVIOUS EDITIONS ARE OBSOLETE

# EXHIBIT 32

Form Approved: OMB No. 1512-0017

DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS

**APPLICATION AND PERMIT FOR IMPORTATION OF FIREARMS, AMMUNITION AND IMPLEMENTS OF WAR**

NOT FOR USE BY MEMBERS OF THE UNITED STATES ARMED FORCES *(Submit in triplicate)*

98 00380

FOR ATF USE ONLY

VALID FOR 12 MONTHS AFTER THE DATE OF APPROVAL (ITEM 17 BELOW)

## SECTION I - APPLICATION

| 1. FEDERAL FIREARMS LICENSE *(If Any)* | | 2. TELEPHONE NO. | 3. COUNTRY OF EXPORTATION |
|---|---|---|---|
| LICENSE NO. 1-62-047-08-9D-37978 | EXPIRATION DATE 04-01-99 | 423-573-0833 | China |

| 4. RETURN APPROVED PERMIT TO *(Enter name, address and ZIP Code if different than applicant's)* | 5. APPLICANT'S NAME AND ADDRESS *(Including ZIP Code)* |
|---|---|
| Intrac Arms International. L.L.C. 5005 Chapman Hwy Knoxville, TN 37920 | Same as item 4 |

| 6. NAME AND ADDRESS OF FOREIGN SELLER | 7. NAME AND ADDRESS OF FOREIGN SHIPPER |
|---|---|
| China North Industries 376 Huan Shi Dong Road Guangzhou, China | Same as item 6 |

8. DESCRIPTION OF FIREARMS AND AMMUNITION  *(For firearms, enter (SG) - Shotgun; (RI) - Rifle; (PI) - Pistol; (RE) - Revolver)*

| | NAME AND ADDRESS OF MANUFACTURER a | TYPE (SG), (RI) (PI), (RE) b | CALIBER GAUGE OR SIZE c | MODEL (MFRS) DESIGN e | LENGTH OF BARREL e | OVERALL LENGTH (Inches) f | SERIAL NO. g | NEW (N) OR USED (U) h | QUANTITY (Each type) i | UNIT COST j |
|---|---|---|---|---|---|---|---|---|---|---|
| **FIREARMS** | Norinco | SG | 12 | YL12-12 GA | 750 | 1248mm | N/A | N | 10,000 | $40.00 |
| **AMMUNITION** | Title 27 CFR Part 178.92 requires that within 15 days after release from Customs custody, each firearm imported shall be identified by engraving or casting on the frame or receiver the serial number, and on the frame, receiver or the barrel the following (1) model, (2) caliber or gauge, (3) name of manufacturer and country where manufactured and (4) the name, city and State of the importer. | | | | | | *THIS PERMIT DOES NOT AUTHORIZE THE IMPORTATION OF A SHOTGUN WITH BARREL(S) LESS THAN 18 INCHES IN LENGTH OR OVERALL LENGTH OF LESS THAN 26 INCHES OR A SHOTGUN HAVING A "SAWED-OFF" APPEARANCE OR USING LIVE CARTRIDGES. FURTHER, THIS PERMIT DOES NOT AUTHORIZE THE IMPORTATION OF A SHOTGUN REGARDLESS OF BARREL LENGTH AND OVERALL LENGTH IF THE SHOTGUN IS EQUIPPED WITH A DETACHABLE FOLDING SHOULDER STOCK OR IS NOT DESIGNED TO BE FIRED FROM THE SHOULDER.* | | | | |
| **IMPLEMENTS OF WAR** | *(See Art I thru XII (Except firearms & ammunition) of U.S. Munitions Import List, 27 CFR Part 47)* | | | | | | | | | |

SPECIFIC PURPOSE OF IMPORTATION *(Use additional sheets, if necessary)*
Wholesale sales of firearms to licensed firearm dealers and distributors for profit.

| 10. ARE YOU REGISTERED PURSUANT TO THE ARMS EXPORT CONTROL ACT OF 1976 [X] YES [ ] NO | 11. IF "YES", GIVE REGISTRATION NO. A-61-152-0530 |
|---|---|

Under the penalties provided by law, I declare that I have examined this application, including the documents submitted in support of it, and, to the best of my knowledge and belief, it is true, correct, and complete.

| 12. SIGNATURE OF APPLICANT | 13. TITLE C.O.O. | 14. DATE 12/98 |
|---|---|---|

### SECTION II - FOR ATF USE ONLY *(Please make no entries in this section)*

THE APPLICATION HAS BEEN EXAMINED AND THE IMPORTATION OF THE FIREARMS, AMMUNITION, AND IMPLEMENTS OF WAR DESCRIBED HEREIN IS:

[X] APPROVED

[ ] PARTIALLY APPROVED FOR THE REASON INDICATED HERE OR ON ATTACHED LETTER

[ ] DISAPPROVED FOR THE REASON INDICATED HERE OR ON ATTACHED LETTER

RECEIVED JAN 13 1998

| SIGNATURE OF THE DIRECTOR, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS Mary Jo Hughes | 17. DATE JAN 20 1998 |
|---|---|

FORM ATF F (5330.3A) (9-92) PREVIOUS EDITIONS ARE OBSOLETE

CONFIDENTIAL

CN2-00316

# EXHIBIT 33

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WEST DISTRICT


LILIAN S. ILETO, et al, )
                        )
      Plaintiffs        )
                        )
V.                      )      No.  CV 01-9762 ABC (RNBx)
                        )
GLOCK, INC, et al,      )
                        )
      Defendants        )


APPEARANCES:

      Peter Nordberg
      Attorney for the Plaintiff

      Carolyn M Morrissette
      Attorney for the Plaintiff

      Stephen A. Irving
      Attorney for Defendant Intrac

      Charles H. Dick
      Attorney for Defendant China North

      John Lambros
      Attorney for Defendant Glock, Inc.


                    DEPOSITION

                        OF

                J. ALAN GILBERT

                  JUNE 17, 2005


                    ANNA DOLOS
          MILLER & MILLER COURT REPORTERS
        12804 Union Road, Knoxville, TN 37922
                  (865) 675-1471

COPY

14

1    you to run down by title, employer and date of the

2    places where you've worked.  Can you do that for me in

3    chronological order?

4            A       Yes.

5            Q       Go ahead.

6            A       In 1990, I owned a portion of Intrac

7    Corporation.  I had a partner who was originally

8    Taiwanese at that point.  He had become an American

9    citizen.  We had been in business directly together

10   since 1982.  He ran the operations.  We did a lot of

11   imports and exports with motorcycle after market

12   products, industrial products and textiles from the

13   Orient.

14           In 1990, we began exploring the possibility of

15   importing arms and ammunitions from China and made

16   several contacts over there through his associates with

17   whom I followed up to produce our history of being an

18   arms importer.  From that point, Intrac Corporation

19   existed until 1995 when Calvin decided he wanted out of

20   the business.  We reorganized to another one that was 50

21   him and 50 me, and about a year after that, I bought him

22   out completely.  And that existed until 2000, where I

23   had an employee that we have proven extorted in excess

24   of 400 thousand dollars, who, in turn, sued me for

25   breach of contract because I had him for what he had

15

1   done and that's what created a problem.  And because of

2   his involvement and he acting as the chief operating

3   officer of Intrac Arms, L.L.C., that corporation was

4   shut down and I opened solely Intrac Arms International

5   Corp. in my name with no outside influences, where I

6   remain today.

7           Q       Thank you.  Now, to go back and fill in

8   a few details.  First, could I have the name of the

9   partner with whom you -- am I correct that you organized

10  Intrac with a gentleman from Taiwan?

11          A       Right.  His name is Calvin R. Shieh,

12  S-H-I-E-H.

13          Q       Am I correct that you and he organized

14  the original Intrac entity in or around 1990?

15          A       1982.

16          Q       And it was along about 1990 that you

17  were exploring the possibility of importing arms from

18  China?

19          A       Right.  No business was done until well

20  into 1991.

21          Q       And what was the name of that original

22  Intrac entity?

23          A       Intrac Corporation.

24          Q       And was that organized under the laws

25  of Tennessee?

16

1        A        State of Tennessee.

2        Q        It headquartered in Tennessee?

3        A        Yes, here in Knoxville.

4        Q        When did that entity cease to exist?

5        A        Around 1995.  I don't have the exact

6  date.

7        Q        And it ceased to exist when your

8  partner Calvin Shieh wanted out of the business; is that

9  right?

10       A        He wanted to set up to where he could

11  more easily get out.

12       Q       So you reorganized an entity -- did you

13  create a new entity that split ownership rights 50/50

14  between you and Mr. Shieh?

15       A        Right.  And all the records were

16  surrendered back to ATF for Intrac Corporation.

17       Q       And what was the name of that new

18  entity?

19       A        Intrac Arms International, L.L.C.

20       Q       And that corporation Intrac Arms

21  International, L.L.C. ceased to exist in or about the

22  year 2000?

23       A        The end of 2000, right.  Possibly early

24  2001.  I'd have to check, but right within a three or

25  four month period.

46

1    relative only to technical information in marketability

2    in tandem that they could legally and attractively be

3    brought into the U.S. market, and that was the total of

4    any communications ever between the two of us.

5           Q       What kinds of files would those

6    documents be in, correspondence files?

7           A       I don't have any idea.  I didn't do the

8    boxing up when the company changed.

9           Q       And those boxes are located at?

10          A       Some may be at my office.  I'll have to

11   check with people.  Some of the people that did this are

12   no longer with me because of theft that they were caught

13   in, which, again, goes to disappearance.  People have

14   stolen information from me to use.  So I got left out in

15   the dark on a lot of that.

16          Q       Okay.  Last but not least, turning to

17   item Number 13 on this subpoena attachment.  Do you see

18   that, Sir?

19          A       I have no documents regarding those.

20   Those were brought in under Intrac Corporation.  All

21   records I have no copies, no nothing.

22          Q       How do you know?

23          A       Because they were brought in in the

24   early 1990s when Intrac Corporation existed and it was

25   controlled by Calvin Shieh.  When that particular

47

1   corporation was dissolved, he took all the records.   I

2   have none, period.

3          Q        So if we wanted records on that --

4          A        You would have to go to him.

5          Q        We would have to ask Calvin Shieh?

6          A        Or ATF.

7          Q        Or ATF.   What makes you think that the

8   Norincos bearing these serial numbers would be from that

9   time --

10          A        Because that's the only shipment we

11   ever brought of those in was one and they had --

12                  MR. DICK:   Would you read back that

13          answer, please.

14                  COURT REPORTER:   I didn't get the whole

15          answer.

16          A        That was the only shipment that was

17   contained in one shipment of guns in the early 1990s

18   which was brought in by Intrac Corporation.   There were

19   never any brought in before, nor after.   They were all

20   sold to one entity, and all those records remain with

21   Calvin Shieh and were surrendered to ATF at the time

22   Intrac Corporation was dissolved.   I was not

23   instrumental in any of that, and I can provide no

24   answers as to where they go, but I am 100 percent

25   positive that there was no activity with those weapons

48

1   following that major transaction.  It's not something we

2   stocked.

3          Q        It's not something you stopped?

4          A        It's not something we stocked.

5          Q        Oh, stocked.  Is Intrac corporation the

6   only Intrac entity that has ever purchased guns from

7   China North?

8          A        Intrac Corporation?

9          Q        The original.  Is that the one you're

10  saying did the purchasing from China North?

11         A        On Center firearms Intrac, L.L.C. did

12  purchase shotguns, but from the time that Intrac

13  Corporation was in existence at the time that Center

14  fire rifles, pistols et cetera were embargoed from

15  China, period from China or any entity in China.  And,

16  therefore, no other Intrac company existed at that time;

17  therefore, it was impossible that they brought any in,

18  because we couldn't get a license to do it.

19         Q        I'm gonna ask you a series of questions

20  where unless you tell me it's important or somebody else

21  suggests it's important, it may not be important to

22  distinguish between the three Intrac entities.  We have

23  the time frame about when each was formed and when it

24  stopped.  So if I ask a question about Intrac, it's

25  gonna be about whatever Intrac entity was in existence

49

1    in the time period in question.

2           When did Intrac first begin purchasing any

3    weapons from China North?

4           A       Approximately 1991.

5           Q       And I think you said a little about how

6    that came to pass this morning.  Can you go into that a

7    little bit more.  You had been involved in some business

8    before --

9           A       I'd been involved with international

10   trade since 1976.  I'd been involved directly in

11   business with Calvin Shieh as a partner in corporate

12   entity or entities since 1982.  One local person came to

13   me with the desire for me to locate a source of Chinese

14   ammunition that he could sell it.  We did the necessary

15   research to see what licensing was necessary.  I made

16   the contacts and got through to China North Industries,

17   went there and sat down with them and discussed things

18   with them, and the rest is history.

19          Q       So you actually travelled to China in

20   order to establish a business relationship?

21          A       Yes, I did, many times.

22          Q       So I guess that was to establish a

23   business relationship that went beyond any particular

24   order; is that right?

25          A       Yes.

67

1          A          Yes.

2          Q          And did you maintain copies of ATF

3   Forms 6-A for the firearms you imported?

4          A          Form 6-A is generated by the importer

5   which is returned to ATF which acknowledges the use of

6   the license or a portion of that license.

7          Q          So no copies of those Forms 6-A would

8   have been --

9          A          During that period, I have no idea.  I

10  did not handle that.  You'll have to check with the

11  clerical people on that.

12         Q          Do you know what ports were used when

13  Norinco shipped documents that Intrac had ordered?

14                    MR. DICK:  Objection; vague and

15                    ambiguous and leading.

16         A          Mostly Wesco's ports and many land

17  bridge but some would come to Charleston, Savannah.

18         Q          Did the Norinco firearms arrive in this

19  country with the serial or gun number on them?

20                    MR. DICK:  Objection; leading.

21         A          Yes, they did.

22         Q          Are you familiar with the model 320 9

23  millimeter Norinco?

24         A          Yes, I am.

25         Q          Do you know whether the serial numbers

68

1     on that firearm usually begins with a letter or a number

2     when imported?

3              A       I would have to look back at the

4     records, which I don't have, to determine that.

5              Q       And who would have those records?

6              A       Calvin Shieh or ATF.

7              Q       Do you know if there was any one letter

8     that was found consistently on a Norinco 320 9

9     millimeter when imported to this country?

10             A       Not specifically.  Looking at your

11    document, the letter A seems to be on the three you

12    have.  That may or may not be the case.

13             Q       Did Intrac add any numbers or digits to

14    the serial number that was on the --

15             A       That is illegal, definitely not.

16             Q       I know that you want your answer to

17    this question to be very clear.  So we better be very

18    clear about what the question is that you want your

19    clear answer to.  Let me get the whole question out, and

20    I'm sure your answer will be the same.  I just want the

21    record to reflect it.

22             Did Intrac add any numbers or digits to the

23    number that was on the firearm when it arrived at Intrac

24    from Norinco?

25             A       I just answered that, Sir.

97

1                     CERTIFICATE OF WITNESS

2

3    STATE OF TENNESSEE      )

4    COUNTY OF KNOX          )

5            I, J. Alan Gilbert, do hereby certify that I

6    have read the foregoing transcript of my deposition

7    taken on the 17th day of June, 2005, at Comfort Suites

8    Airport, 140 Cusick Road, Alcoa, Tennessee, pursuant to

9    the applicable Rules of Civil Procedure, and that the

10   foregoing pages of transcript are in conformity with my

11   testimony given at that time, (with the exception of any

12   corrections made by me on the errata sheet).

13

14   _____

15   J. Alan Gilbert

16   STATE OF _____)

17   COUNTY OF _____)

18           SUBSCRIBED AND SWORN to before me on this,
     the_____ day of _____, 200__.
19

20   _____

21   NOTARY PUBLIC

22   My commission expires:_____

23

24

25

98

1                    C E R T I F I C A T E

2    STATE OF TENNESSEE  )

3    COUNTY OF HAMILTON  )

4            I, ANNA S. DOLOS, Court reporter and Notary

5    Public in and for the County of Hamilton, State of

6    Tennessee at Large, do hereby certify that on the 17th

7    day of June, 2005 there came before me the witness

8    herein, J. Alan Gilbert, who was by me duly sworn to

9    testify to the truth and nothing but the truth

10   concerning the matters in this cause.

11           I further certify that the foregoing testimony

12   was taken by me stenographically and thereafter

13   transcribed by me; that the foregoing pages contain a

14   true and correct transcript of the testimony of said

15   witness; that the said deposition was read and signed by

16   said witness.

17           I further certify that I am not of kin or in

18   any way associated with any of the parties to said cause

19   of action, or their counsel, and that I am not

20   interested in the event thereof.

21           IN WITNESS WHEREOF, I have hereunto set my

22   hand this _____ day of _____,  200__.

23   _____
     NOTARY PUBLIC
24

25   My Commission Expires:  July 29, 2007



1   Peter Nordberg, Esq.
    **BERGER & MONTAGUE, P.C.**
2   1622 Locust Street
    Philadelphia, PA 19103
3   Telephone: (215) 875-3000
    Facsimile: (215) 875-4604
4
    Attorneys for Plaintiffs Lilian S. Ileto, et al.
5
    Sayre Weaver, State Bar No. 116957
6   **THE EDUCATIONAL FUND TO STOP
    GUN VIOLENCE**
7   401 S. Harbor Boulevard, #F189
    La Habra, CA 90631
8   Telephone: (562) 266-1831
    Facsimile: (714) 526-4891
9
    Attorneys for Plaintiffs, Lilian S. Ileto, et al.
10
11                    UNITED STATES DISTRICT COURT
12
13         CENTRAL DISTRICT OF CALIFORNIA - WEST DISTRICT
14
    LILIAN S. ILETO, et al.,          | **Case No. CV 01-9762 ABC (RNBx)**
15
          Plaintiffs,
16                                     **PLAINTIFFS' NOTICE OF TAKING
          v.                            DEPOSITION OF INTRAC ARMS
17                                      INTERNATIONAL, INC. AND FOR
    GLOCK, INC., et al.,                INSPECTION AND COPYING OF
18                                      DOCUMENTS; EXHIBIT "A"**
          Defendants.
19                                     **DATE:   JUNE 17, 2005
                                        TIME:    9:30 a.m.
20                                      PLACE:   COMFORT SUITES
                                        KNOXVILLE AIRPORT MEETING
21                                      ROOM, 140 CUSICK RD, ALCOA,
                                        TN 37701**
22
23         PLEASE TAKE NOTICE that pursuant to F.R.C.P., Rule 30 on June 17, 2005 at

24   9:30 a.m. at Comfort Suites Knoxville Airport Meeting Room, 140 Cusick Rd, Alcoa, TN

25   37701, Plaintiffs in the above entitled action will take the deposition of Intrac Arms

26   International, Inc. (formerly known as or doing business as Intrac Arms International,

27   LLC) ("Intrac") on the following matters:      The importation and distribution of

28   firearms manufactured by China North Industries a/k/a Norinco by Intrac since 1988 to

1   the present, including but not limited to the importation and distribution of the Norinco

2   model 320 by Intrac.

3        Intrac is hereby directed to designate and produce the person or persons most

4   knowledgeable to testify on behalf of Intrac on the importation and distribution of

5   firearms manufactured by China North Industries a/k/a/ Norinco firearms by Intrac from

6   1988 to the present, including but not limited to the importation and distribution of the

7   Norinco model 320 by Intrac.  Intrac is further directed to produce for inspection and

8   copying the documents more particularly set forth on the deposition subpoena attached as

9   Exhibit "A" to this Notice.

10       The deposition shall be recorded stenographically and taken before Diane Jones &

11   Associates, a deposition officer qualified to administer oaths in the Eastern District of

12   Tennessee.

16   Dated: _____ May 25 _____, 2005     Sayre Weaver

17                            THE EDUCATIONAL FUND TO STOP

18                            GUN VIOLENCE

19

20                            By: _____

                                Sayre Weaver

21                            Attorneys for Plaintiffs

22

23   Dated: _____ May 25 _____, 2005     Peter Nordberg

                                BERGER & MONTAGUE, P.C.

24

25                            By: _____

                                Peter Nordberg

26                            Attorneys for Plaintiffs

27

28

-2-

EXHIBIT "A"

S AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | Tennessee |
|---|---|---|

Lilian S. Ileto, et al.

V.

Glock, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  CV 01-9762 ABC (RNBx)
Central District of California

TO:  Intrac Arms International
5005 Chapman Highway
Knoxville, TN 37920

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Comfort Suites Knoxville Airport Meeting Room<br>140 Cusick Rd, Alcoa, TN 37701 | DATE AND TIME<br>6/17/2005 9:30 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

(Please see attached sheets.)

| PLACE   Comfort Suites Knoxville Airport Meeting Room<br>140 Cusick Rd, Alcoa, TN 37701 | DATE AND TIME<br>6/17/2005 9:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Sayre Weaver, attorney for Plaintiffs* | *May 25, 2005* |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sayre Weaver, The Educational Fund to Stop Gun Violence
401 South Harbor Blvd, #F189, La Habra, CA 90631   (562) 266-1831

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

If action is pending in district other than district of issuance, state district under case number

1.  All records relating to the importation of China North Industries a/k/a Norinco firearms for the period 1988 to the present by Intrac Arms International, Federal Firearms License number 16200549.

2.  All records relating to the importation of China North Industries a/k/a Norinco firearms for the period 1988 to the present by Intrac Arms International, Federal Firearms License number 16200548.

3.  All records relating to the importation of China North Industries a/k/a Norinco firearms for the period 1988 to the present by Intrac Arms International, Federal Firearms License number 16200353.

4.  All records relating to the importation of China North Industries a/k/a Norinco firearms for the period 1988 to the present by Intrac Arms International d/b/a Intrac Knox TN, Federal Firearms License number 16237978.

5.  All contracts between Intrac Arms International, Federal Firearms License number 16200549, and China North Industries a/k/a Norinco.

6.  All contracts between Intrac Arms International, Federal Firearms License number 16200548, and China North Industries a/k/a Norinco.

7.  All contracts between Intrac Arms International, Federal Firearms License number 16200353, and China North Industries a/k/a Norinco.

8.  All contracts between Intrac Arms International, Federal Firearms License number 16237978, and China North Industries a/k/a Norinco

9.  All documents received from the Bureau of Alcohol, Tobacco, Firearms and Explosives by Intrac Arms International, Federal Firearms License numbers 16200549, 16200548, 16200353 or 16237978 at any time from January 1, 1988 to the present.

10. All correspondence between Intrac Arms International and China North Industries a/k/a Norinco from January 1, 1988 to the present.

11. All invoices and all other documents received by Intrac Arms International from China North Industries a/k/a Norinco in connection with any sale of any firearm by China North Industries a/k/a Norinco to Intrac Arms International since January 1, 1988.

12. All invoices and all other documents received by Intrac Arms International from any other entity in connection with any sale of any firearm by China North Industries a/k/a Norinco to Intrac Arms International since January 1, 1988.

13.    All documents concerning Norinco model 320, 9mm caliber, serial numbers (a/k/a "gun numbers") A00211, MSA00211 or MS00211.

AO88  (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |
| | |

---

Rule 45. Federal Rules of Civil Procedure, Parts C & D.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the minndemanding party to contest the claim.

**PROOF OF SERVICE**

I, Nancy Collins, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 401 S. Harbor Blvd., #F189, La Habra, CA 90631.  On May 25, 2005, I served the within document:

**PLAINTIFFS' NOTICE OF TAKING DEPOSITION OF INTRAC ARMS INTERNATIONAL, LLC AND FOR THE INSPECTION AND COPYING OF DOCUMENTS; EXHIBIT "A"**

By placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail, at Brea, California, addressed as set forth below.  I am readily familiar with the Educational Fund's practice for collection and processing correspondence for mailing in the United States Postal Service.  Under that practice, it would be deposited in the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in this affidavit.

Charles H. Dick
Colin H. Murray
Baker & McKenzie LLP
101 West Broadway, 12th Floor
San Diego, CA 92101-3890
Attorneys for China North Industries Corp.

Christopher Renzulli
John Lambros
Renzulli, Pisciotti & Renzulli
300 East 42nd Street, 17th Floor
New York, NY 10017
Attorneys for Glock, Inc., RSR Management Corporation and RSR Group Nevada, Inc.

Bart L. Kessel
Tucker Ellis & West LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475
Attorneys for Glock, Inc., RSR Management Corporation and RSR Group Nevada, Inc.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 25, 2005.

_Nancy Collins_
Nancy Collins

99999-9990 818935.1